## ISHIKAWA v. ACHESON, Secretary of State.

Civ. No. 847.

United States District Court
D. Hawaii.

Aug. 12, 1949.

Wilfred C. Tsukiyama, Honolulu, T. H., A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ray J. O'Brien, U. S. Atty., District of Hawaii, Kenneth E. Young, Asst. U. S. Atty., District of Hawaii, Honolulu, T. H., for defendant.

McLAUGHLIN, Judge.

This is a proceeding under § 903 of Title 8 United States Code Annotated, for a declaratory judgment as to the plaintiff's citizenship.

Laying aside the color of the case, which portrays the plaintiff to have stood upon his rights as either a citizen of the United States or a subject of Japan alternatively as best suited his personal purpose, pleasure, comfort, and convenience, the salient facts are as follows:

The plaintiff by virtue of being born in Honolulu, Territory of Hawaii, on July 11, 1916, to alien parents acquired at birth and since has retained the dual status of being at one and the same time a citizen of the United States and also a subject of Japan. Having in 1939 gone to Japan with a passport issued to him as a United States citizen by the State Department, to study at the expense of the Japanese Foreign Office and the South Manchuria Railway Company, the plaintiff was on May 4, 1945, as a subject of Japan conscripted and inducted into the Army of Japan at Nanking, China. He was discharged therefrom approximately a week after the Japanese surrender in August 1945. Thereafter on October 16, 1946, the plaintiff never having renewed his 1939 passport or registered with any American official in Japan, applied to the United States Consul in Nanking, China, for a passport to return to the United States. The State Department denied plaintiff the requested passport on the ground that he had lost his United States citizenship by virtue of serving in the Army of Japan. The plaintiff there-

upon, through his attorneys, filed this suit, and the State Department under the provisions of § 903 of Title 8 United States Code Annotated, issued to him a certificate of identity to enable him to come to the United States for the purpose of testifying in this proceeding in his own behalf.

It has been stipulated that the military conscription law of Japan required all male subjects of the Empire upon attaining the age of twenty to register for conscription and that any subject who when called for military service evaded or delayed entering the military service without just cause be punished by imprisonment.

The evidence reveals that the plaintiff as a subject of Japan was drafted and inducted into the Japanese Army in May 1945. Plaintiff's evidence further reveals that having witnessed torturous treatment applied by the Japanese police and having no means of escaping into Free China, he saw no way open to him to avoid complying with the Japanese order to report for military duty but that he felt sure that he would again be rejected, as he had been in 1940, due to his eye condition and for the added reason that he then was working as an interpreter in the Japanese Consulate attached to the Japanese puppet government in China. He was not rejected, however, for either reason, but was as stated inducted into the Army of Japan. His uncontradicted testimony further reveals that after his induction he endeavored to have the Japanese Consulate get him out of the Army, but without success.

None of the pertinent facts of the plaintiff's case are disputed. Consequently there arises but a single question of law, to wit, whether or not plaintiff's induction into the Army of Japan as a subject of Japan in 1945 resulted as a matter of our law in his loss of his citizenship in the United States.

 Upon the facts stated, plaintiff's induction into the Army of Japan was involuntary. However much one might wish upon facts such as these that the law were different, it is well settled that service of this nature in the armed forces of a foreign country does not result in the expatriation of a citizen of the United States.

 Section 801(c) of Title 8 United States Code Annotated has been authoritatively construed as effecting expatriation only if the national of the United States entering or serving in the armed forces of a foreign state without express authority under the laws of the United States acted voluntarily and without legal or factual compulsion. Dos Reis v. Nicholls, 1 Cir., 1947, 161 F.2d 860, and In re Gogal, D.C. W.D.Pa.1947, 75 F.Supp. 268. See also generally Doreau v. Marshall, 3 Cir., 1948, 170 F.2d 721, and Yuichi Inouye v. Clark, D.C.S.D.Cal.1947, 73 F.Supp. 1000.

Accordingly, a declaratory judgment stating that upon these facts the plaintiff did not as a matter of law lose his United States citizenship will be signed upon presentation.