## YOSHIRO SHIBATA v. ACHESON, Secretary of State of the United States.

### No. 8122.

United States District Court
S. D. California, Central Division.

Sept. 30, 1949.

J. Marion Wright, Los Angeles, Cal., for plaintiff.

Jas. M. Carter, U. S. Attorney by Robert J. Kelleher, Asst. U. S. Attorney, Clyde C. Downing, Asst. U. S. Attorney, Los Angeles, Cal., for defendant.

METZGER, Chief Judge.

This cause came on regularly for trial without a jury in the above entitled Court before the Honorable Delbert E. Metzger, Judge Presiding, on July 12, 1949, and was on that date continued for trial to July 13, 1949, and was tried on July 13, 1949 and on July 14, 1949, the plaintiff being present and being represented by his attorneys, J. Marion Wright, Owen E. Kupfer and A. L. Wirin, and the defendant being represented by James M. Carter, United States Attorney, Clyde C. Downing, Assistant United States Attorney, and Robert J. Kelleher, Assistant United States Attorney, and evidence both oral and documentary having been introduced by and on behalf of the parties hereto, and the cause having been argued and submitted to the Court for its decision, and the Court being fully advised in the premises now makes the following findings of fact:

### Findings of Fact

I. That the plaintiff, Yoshiro Shibata, was born in the City of Long Beach in the County of Los Angeles, State of California, on January 14, 1923, and at all times since has been and now is a citizen and national of the United States of America. That at all times mentioned herein plaintiff's home and permanent place of residence was in the State of California, and he at all times herein was and now is a permanent resident of the Southern District of California.

II. That the defendant Dean Acheson, is the Secretary of State of the United States and, as such, is the head of the United States Department of State.

III. That by virtue of his birth in the United States and his United States citizenship, plaintiff claims the rights and privileges of a national of the United States, but that the defendant has denied to plaintiff such rights and privileges upon the ground that he is not a national of the United States, and upon the further ground that he has expatriated himself under the provisions of Section 401(c) of Chapter IV of the Nationality Act of 1940, 8 U.S.C.A. § 801(c), by serving in the Japanese Army from December 25, 1943, to February 6, 1946. That defendant, through Douglas W. Overton, American Vice-Consul at Yokohama, Japan, has issued and caused to be served upon plaintiff a certificate of the

loss of the nationality of the United States under date of September 26, 1947, in words and figures as follows:

"Certificate Of The Loss Of The Nationality Of The United States

(This form has been prescribed by the Secretary of State pursuant to Section 501 of the Act of October 14, 1940, 54 Stat. 1171 [8 U.S.C.A. § 901].)

Consulate of the United States of America at Yokohama, Japan } ss:

I, Douglas W. Overton, hereby certify that, to the best of my knowledge and belief, Yoshiro Shibata was born at Long Beach, California, on January 14, 1923;

That he resides at 54 Asahi-machi, Shimizu-shi, Shizuoka-ken, Japan;

That he last resided in the United States at Long Beach, California;

That he left the United States on May 7, 1927;

That he acquired the nationality of the United States by virtue of birth in the United States;

That he has expatriated himself under the provisions of Section 401(c) of Chapter IV of the Nationality Act of 1940 by. serving in the Japanese Army from December 25, 1943, to February 6, 1946.

That the evidence of such action consists of the following: Applicant's oral statement and certificate from the 61st Regiment in China.

In testimony whereof, I have hereunto subscribed my name and affixed my office seal this 26th day of September, 1947.

Douglas W. Overton

(SEAL)    American Vice-Consul Service No. 8747   Approved by the Department of State, Jan. 30, 11948   No fee prescribed.

On Reverse Side:

The certificate should be executed in. quadruplicate. Two copies thereof should be sent to the Department, one of which should be the original, and two should be retained in the files of the office in which it was executed. After the Department of State shall have approved the certificate it will so advise the appropriate diplomatic or consular officer, who will thereafter make a notation on the two copies retained by him to the effect that the certificate has been approved by the Department under the date of the instruction to the diplomatic or consular officer and who will thereafter forward a copy of such certificate to the person to whom it relates."

IV. That plaintiff's father, Shin Shibata, is a resident of the State of California and has continuously resided in the United States since 1907 and in the State of California since 1914. That in the year 1927 plaintiff's father sent him to Japan to live temporarily with plaintiff's grandmother and later on with his uncle, as a matter of family convenience, and plaintiff resided in Japan and attended public school in compliance with his father's directions. In April, 1940, also at the direction of his father, plaintiff entered Aoyama Gakuin University, a Methodist University in Tokyo, where he took a commercial and business course in order to qualify himself to assist his father in the export and import business in which the father was then engaged. That at all times since 1937 plaintiff and his stepbrother, Junn Shibata, owned real property in the city of Long Beach, in the State of California, where plaintiff's father and stepmother and his brother Tommy have continuously resided, and plaintiff at all times considered this place to be his home and at all times intended to return to this home upon the completion of his education in Japan. That upon the outbreak of war on December 7, 1941, all communications between the United States and Japan was interrupted and ceased, and it was not possible for plaintiff thereafter to return to the United States. That he continued his course of commercial studies at Aoyama Gakuin University and graduated in September, 1943.

V. That plaintiff's father registered plaintiff's birth in 1923 with the Japanese Consul at Los Angeles, believing that he was required to do so and subsequently advised plaintiff that plaintiff's name was in the father's family register. Plaintiff did nothing on his own account to acquire Japanese citizenship and took no oath of allegiance to Japan or to the Japanese Emperor, voted in no election in Japan and

never held and was never employed in any public office in Japan. That on June 9, 1931, plaintiff's mother registered his name as an American citizen with the American Consul in Japan.

VI. That in April, 1943, plaintiff received a notice to report to Japanese military authorities for a physical examination. That at the time of receiving such notice and at all times thereafter, plaintiff believed that he was subject to the conscription laws of Japan and to all orders, notices, rules and regulations promulgated thereunder, and further believed that he would be liable to criminal penalties including imprisonment for failure to comply therewith. That he reported for physical examination as he was ordered to do and that after the completion of his college course he received a notice to report for induction into the Japanese Army on December 23, 1943. That he reported and was inducted and was sent to China for military training. That upon the completion of his basic training he was ordered to go to an apprentice officers school where he was given training as an apprentice officer until June 30, 1945, at which time he was ordered to join a regiment in North China. That plaintiff's compliance with the orders herein mentioned was under duress and was involuntary, and that plaintiff complied because of his fear of the consequences of refusal. That three days after plaintiff arrived at Weishung in Northern China, Japan surrendered and the war ended. Plaintiff participated in no military action of any kind and his military service consisted solely of military training.

VII. That at all of the times herein mentioned the Constitution of Japan and the laws of Japan pertaining to service in the Japanese armed forces were as follows:

The Constitution Of Japan

Article 20:

A subject of Japan will obey the laws and have obligations of military service.

The Military Service Law of Japan

Article 1:

Male subjects of the Empire shall serve in the military service as established in this law.

Article 23:

Any person who becomes 20 years old during the time between December 1st and November 30th of the following year, must take the physical examination for conscription, except those to whom special provision of this law is applied.

The age stipulated in the foregoing clause is called the conscription age.

Article 74:

Any person who evades military service by deserting or hiding, injuring willfully one's body, or acquiring disease and by other acts of fraud, will be punished to penal servitude of 3 years or less.

Article 75:

Persons called for military service who delay entering the barracks for more than 10 days, without any legitimate reasons, shall be punished by imprisonment of 6 months or less; during wartime, when 5 days has elapsed, shall be punished by imprisonment of 1 year or less.

Law No. 19 Of July 1924

Article I:

A child is regarded as a Japanese if its father is at the time of its birth a Japanese.

VIII. That plaintiff contends that he is now and at all times since his birth has been a citizen and national of the United States. That the defendant contends that plaintiff has expatriated himself and has lost his United States citizenship and nationality under the provisions of Section 401(c) of Chapter IV of the Nationality Act of 1940 by serving in the Japanese Army from December 25, 1943, to February 6, 1946. That by reason thereof defendant has denied to plaintiff the rights of citizenship and has refused to issue to him a passport to admit him into the United States and has issued and served upon him the certificate of the loss of the nationality of the United States herein described.

Conclusions Of Law

As conclusions of law from the foregoing findings of fact the Court concludes:

I. That this Court has jurisdiction to hear and determine the within cause under

4

the provisions of Section 503 of the Nationality Code, 54 Statutes 1171, enacted October 14, 1940, 8 U.S.C.A. § 903.

II. That the entry of plaintiff into the armed forces of Japan and his service in said armed forces was involuntary and was performed under duress and compulsion and was not done by plaintiff of his own free will and accord. That plaintiff at all times intended to retain his United States nationality and citizenship and at all times intended to return to the United States and to permanently reside therein. That plaintiff at no time intended to expatriate himself for to surrender or renounce his United States citizenship or nationality and at no time intended to acquire the nationality of any other nation.

III. That plaintiff has been continuously at all times since birth, and is now, a national and a citizen of the United States lawfully entitled to all of the rights, privileges and immunities of such citizenship.

IV. That the certificate of the loss of plaintiff's United States nationality issued by Douglas W. Overton, American Vice-Consul, on September 26, 1947, and approved by the Department of State on January 30, 1948, certifying that plaintiff had expatriated himself is null and void from the date of its issuance, and is of no force and effect whatsoever.

V. Let judgment in favor of the plaintiff and against the defendant herein be entered accordingly.