**YAMAMOTO v. ACHESON, Secretary of State.**

Civ. A. No. 255 Pct.

United States District Court
D. Arizona.

June 23, 1950.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Frank E. Flynn, U. S. Atty., and Charles B. McAlister, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

LING, Chief Judge.

The above cause having come on regularly for trial on May 22, 1950, before the Honorable David Ling, Judge Presiding, without a jury, no jury having been requested, and said cause having been tried on May 22, and evidence having been introduced on behalf of the plaintiff and the defendant, and the court having considered the same and having heard the arguments of counsel and being fully advised in the premises makes the following:

### Findings of Fact

1. The plaintiff was born on February 3 1925, at Winslow, Arizona; by virtue of her birth in the United States she was born a citizen of the United States.

2. The defendant, Dean Acheson, is the duly appointed and acting Secretary of State of the United States.

3. The plaintiff is a permanent resident of the State of Arizona; and the plaintiff claims Arizona and this judicial district as her permanent residence.

4. The plaintiff is of Japanese descent. In 1941, while sixteen years of age, she was sent to Japan by her parents to visit relatives, it being their and her intention to remain in Japan for a short period of approximately three months. Due to illness she was unable to return as she had intended.

5. While residing in Japan, and in April, 1946, the plaintiff voted in the Japanese general elections then held in Japan.

In so voting the plaintiff was influenced and induced to do so by General MacArthur's Headquarters in Japan. In addition, the plaintiff was induced and coerced to vote because of fear of loss of rations. Additionally, she was induced to vote by her brother Nagashi Edward Yamamoto, who a sergeant in the United States Army, the United States Occupation Forces in Japan, while on furlough, and visiting the plaintiff on election day, advised her that the election was sanctioned by General Headquarters and that her voting would not affect her United States citizenship.

The plaintiff is a simple young woman of Japanese nationality with little knowledge

of political activities either in Japan or the United States. When she voted she did not understand, she did not know, and she had no reason to believe that she might lose her United citizenship if she voted in said election.

6. The plaintiff has committed no act of disloyalty to the United States; nor has she committed any act indicating loyalty to Japan. The plaintiff has at all times been loyal to the United States.

From September, 1946, and for a period of approximately two and one-half years the plaintiff was employed by the Kochi Military Government Team of the Eighth United States Army in Japan, as an interpreter and typist. She is presently engaged to marry John R. Shawhan who is in the service of the United States Army, in the United States Occupation Forces in Japan; and upon her marriage to him she intends to live permanently in the United States.

7. The plaintiff in voting in the election of April, 1946, in Japan was lead to believe and understood that this was an election serving the interests of the United States. She did not thereby express any preference for the Japanese government over that of the United States, but rather showed herself to be a loyal American citizen in participating in this election. In so voting, the plaintiff acted in good faith, without any intention, or desire to adopt or show any allegiance to Japan; in so voting the plaintiff in good faith believed she was showing, and intended to show, allegiance to the United States.

8. On March 20, 1947, the United States Consul at Yokohama, Japan, an agent of defendant as Secretary of State, as an officer of the State Department, issued a Certificate of the Loss of the Nationality of the United States to, and pertaining to the plaintiff, alleging that the plaintiff had expatriated herself under the provisions of Section 401(e) of the Nationality Act of 1940, 8 U.S.C.A. § 801(e), by voting in the elections in Japan in April, 1946.

In issuing said certificate the defendant, through his agent, denied to the plaintiff a right and privilege as a citizen of the United States.

9. In 1946 Japan was under the occupation of military forces, consisting largely of troops of the United States, under command of General Douglas MacArthur, General of the United States Army, with the title Supreme Commander of the Allied Powers.

Subsequent to the unconditional surrender of Japan in 1945, and to and including 1946, General Douglas MacArthur, as Supreme Commander, aforesaid, had complete power, authority and control over the Japanese government and the Japanese people. His complete power and authority included the power to make such orders as he desired and was accompanied by the authority and power to enforce such orders by any means at his command, including the use of force. During said time the Japanese government has at all times been subject to such orders; and Japan has not been an independent or sovereign state.

10. General Douglas MacArthur was designated and appointed as Supreme Commander by the United States. His mission and duties in Japan are to carry out, effectuate and enforce United States objectives in Japan. As Supreme Commander he has been instructed by the United States to "exercise his authority through Japanese governmental machinery and agencies, including the Emperor, to the extent that this satisfactorily furthers United States objectives"; and to encourage the Japanese people to become familiar with the history, institutions, culture, and the accomplishments of the United States and other democracies.

On October 4, 1945, the Japanese government was ordered by the Supreme Commander to establish a "Bill of Rights." On December 18, 1945, the Supreme Commander ordered the Japanese Diet dissolved. On January 4, 1946, certain directives were issued by the Supreme Commander of the Allied Powers which resulted in the ineligibility to hold office of nine out of every ten high officials of the Japanese government and 120 political organizations were put in the process of dissolution. On January 12, 1946, the Japanese government was ordered to hold a general election of members of the House of Representatives. One of the purposes of the election was, according to a

statement by General MacArthur on election results issued April 25, 1946, (among other purposes) "to provide the legislation required for the implementation of S.C.A.P. directives * * *." Although occupation forces were to maintain an "attitude of impartiality toward the election and care was taken to publicize the fact that candidates cleared by the Japanese government did not have S.C.A.P. sanction and support as some claimed", it was publicized "that the records of all candidates would be subject to S.C.A.P. review." "A supervised organization was set up to provide surveillance by troops in the field which would insure immediate disclosure of any irregularities."

This election ordered and controlled by United States military personnel to obtain a legislature which would carry out United States objectives, was not a political election in a foreign state.

### Conclusions of Law

1. This Court has jurisdiction under the provisions of 8 U.S.C.A. § 903, 54 Stat. 1171, and under the provisions of Judicial Code § 274(d), as amended, 28 U.S.C.A. § 400 [revised §§ 2201, 2202].

2. The purported expatriation of plaintiff Emy Yamamoto by voting in an alleged political election in a foreign state is void and of no force or effect, in that said election was held in Japan in 1946. In 1946 Japan was not a foreign state, and said election was not a political election in a foreign state, within the meaning of the Nationality Act of 1940. An election ordered, controlled and advised by a General of the United States Army, is not a political election within the meaning and intent of the United States Nationality Act, 8 U.S.C.A. § 801(e).

A country whose government and people are under the complete control of a General of the United States Army is not a foreign state within the meaning and intent of the United States Nationality Act, 8 U.S.C.A. § 801(e).

3. The plaintiff voted as the result of being induced so to do by the United States, through General Douglas MacArthur, its agent; additionally, as the result of coercion due to fear of loss of food rations;

and additionally, as the result of inducement by her brother a member of the Armed Forces of the United States.

4. The benefits of citizenship can be renounced, lost or waived only as the result of free and intelligent choice. Since the purported expatriation of plaintiff Emy Yamamoto was not as a result of her free and intelligent choice, but rather because of mental fear, intimidation and coercion, and inducement by the United States, through General Douglas MacArthur, depriving her of the free exercise of her will, said purported expatriation is void and of no force and effect.

5. The plaintiff is entitled to have her purported expatriation cancelled and further entitled to be restored to her full rights of citizenship including the issuance of a passport; and to be adjudged a citizen of the United States.

6. Judgment is hereby ordered to be entered cancelling the purported expatriation of the plaintiff and adjudging that the plaintiff be restored to her full rights of citizenship and to be adjudged a citizen of the United States.