**HARUMI SEKI v. ACHESON, Secretary of State.**

**YADA v. ACHESON, Secretary of State.**

Nos. 10684, 1008.

United States District Court
S. D. California.

Nov. 22, 1950.

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiffs.

Ernest A. Tolin, U. S. Atty., Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

As the two principles involved in the two above entitled cases are the same and the particular facts are similar, it becomes unnecessary to file two separate opinions and therefore the conclusions in each are embodied herein.

As was often said by the Court in its former opinions in these types of cases, they are:

First, Was Japan at the time of the election in question and at which these plaintiffs voted, a "foreign state," and second, Was the act of these plaintiffs when voting, of their own free and voluntary act and free from duress and coercion so that they could make an intelligent choice?

As to the first question, this court has held that Japan was not a "foreign state," and the acts of an American-born Japanese when in voting involuntarily, did not cancel his American citizenship because, firstly, Japan did not come under the statute relating to a "foreign state" under the particular state of facts presented in these cases. So, we, as usual, under the pleadings are confronted with the similar facts.

The plaintiffs were both born in the United States and went to Japan to visit relatives and for schooling. They asked to be registered while there as American citizens. This was before the war broke out, and they, after Japan sur-

rendered, could not secure passports to return and were compelled to remain there, as passports were refused. They worked in Japan. Why they are now denied, as citizens born in the United States, passports to return, is difficult to understand after considering the undisputed facts that they were under the influence and coercion of losing their rationing cards, and of rumors, and reports that General MacArthur, their supreme commander, had appealed to all women to vote. The inquiry is made, What was their state of mind? Was it Japanese or American? It does not seem difficult to determine what was the state of mind of one at a given time, unless an insane person, except by their acts. It is fair to conclude that one's mind, when in a foreign country at the time a war breaks out and that foreign country thereafter surrenders and does nothing of disloyalty and then goes in to assist the country which was successful, would be in a state of desire to retain his citizenship in the country where he was born. It is not in accordance with the laws of nature to interpret their minds differently.

The allegations of the complaints and the issues of law presented by the plaintiffs in each of the above entitled actions are sustained, and, therefore, findings of facts, and decrees, in each of these cases will be prepared and presented by counsel for the plaintiffs in accordance herewith.