**FUMI ROKUI v. ACHESON, Secretary of State.**

**Civ. No. 10345–WM.**

United States District Court
S. D. California, Central Division.

Nov. 22, 1950.

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

The plaintiff brings this action declaring that she is an American citizen and to be recognized as such, and that a passport be issued to her to return to the United States as an American citizen, and asserts that she was born in Salt Lake City, Utah, on May 10, 1922, and went to Japan with her parents in August, 1940, at the age of eighteen to attend school and visit relatives there temporarily. Before leaving for Japan she attended the public schools in the United

States to the extent of two years in high school. Her parents returned to the United States, leaving her in Japan with her grandmother until she completed her education there. She was denied a passport back to the United States after the war between the United States and Japan broke out.

An analysis of the evidence discloses that the plaintiff's life and activities since the time of her birth have been one consisting of the ideas and devotion of an American citizen, for the atmosphere she has been in and her training establish that her mind and heart have been constantly wrapped up in her loyalty and devotion for the American ideas of government, as disclosed by the manner in which she testified while on the witness stand. The inquiry here is made by the defendant, What was her state of mind? We can only, to a great extent, determine that inquiry by her conduct, and acts, as one's state of mind operates according to the manner in which they act.

■ We are confronted with the first question as in the other type of cases decided by this court, that Japan was not a "foreign state" at the time the plaintiff voted, and it becomes unnecessary to repeat here what was said in those cases, and the conclusion reached in them is reached in the present case, that Japan was not a "foreign state", as the facts in all of these cases are similar. We must not forget that Japan at the time of the election in question was exclusively within the sovereignty of the United States. It was not independent, as it was governed by and under the supreme control of the United States, to whom the Allies had delegated supreme and independent authority.

■ This brings us, as in the other cases, to the consideration of the second question, "Was the act of the plaintiff, when voting, of her own free and voluntary act?" The preponderance and weight of the evidence establishes that it was not. She was beyond doubt under the influence of others. She says she did not want to vote, but was urged to vote in many ways. She heard of and realized that General MacArthur urged all women to vote, and she understood that General MacArthur was the supreme commander of the American Government in Japan, and that her ration card would be taken away from her, and that her relatives and others urged her to vote, and she yielded and voted at the election in question. Her act in doing so was not the result of her own free and voluntary act and choice, but was done under influence and coercion which dominated her mind. The facts in this case do not warrant the court in applying the statute.

The plaintiff is therefore entitled to a decree and findings adjudging her to be an American citizen and national of the United States and, as such, entitled to the rights and privileges of a national of the United States, including a passport in order to return to the United States. Counsel for the plaintiff will prepare and present findings and decree accordingly.