**FUJIKO FURUSHO v. ACHESON,**
Secretary of State.

Civ. No. 967.

United States District Court
D. Hawaii.

Jan. 23, 1951.

1022

Wilfred C. Tsukiyama, Honolulu, T. H., A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ray J. O'Brien, U. S. Atty., District of Hawaii, Howard K. Hoddick, Asst. U. S. Atty., District of Hawaii, and Winston C. Ingman, Asst. U. S. Atty., District of Hawaii, all of Honolulu, T. H., for defendant.

McLAUGHLIN, District Judge.

Basically, the operative facts in this Nationality Act suit, 8 U.S.C.A. § 903 are of the same nature as those which support the decisions in the several unappealed cases cited in the footnote.[1]

In other words, this, too, is a case of a girl, a dual citizen (United States and Japan), domiciled in Japan since 1932, voting in elections in Occupied Japan in 1946 and 1947.

Like the courts whose decisions have been cited, this Court is also of the view that these facts did not effect the expatriation of the plaintiff from the United States, for (a) Occupied Japan is not a "foreign state," and (b) the elections were not "political" within the meaning of 8 U.S.C.A. § 801(e). See cases cited under footnote 1.

Additionally, expatriation being a voluntary act involving legal consequences so serious as to be almost a matter of life itself, the evidence that the act specified by the statute was committed intentionally, with knowledge of the consequences, must be, to borrow a phrase,[2] "clear, unequivocal, and convincing".[3] The evidence here is not of that character.

But, the defendant says, this Court can not enter a judgment in favor of the plaintiff because the facts clearly indicate that as a matter of law only the United States District Court for the District of Columbia can authoritatively state whether or not the plaintiff is a citizen of the United States.

This position is based upon the provision of 8 U.S.C.A. § 903 which says suits such as this may be brought in the Federal Court in the District of Columbia, or in such a court in the district where the petitioner "claims a permanent residence". Here the Court has found, and so stated during the trial, that since plaintiff at age twelve moved to Japan with her parents her domicile has been and still is identical with that of her father, to wit, in Japan. Accordingly, the plaintiff's "claim" of her sister's home in Hawaii as her "permanent residence" is a "claim" founded, not upon fact, but upon a wish. From this the defendant argues that plaintiff's "claim" is not only defective as it is not tied to an ex-

1. Arikawa v. Acheson, D.C.S.D.Cal.1949, 83 F.Supp. 473; Yamamoto v. Acheson, D.C.D.Ariz.1950, 93 F.Supp. 346; Kuniyuki v. Acheson, D.C.W.D. of Wash., N. D., 94 F.Supp. 358, decision by Judge Hall Aug. 24, 1950; Rokui v. Acheson, D.C.S. D. of Cal., Central Div., 94 F.Supp. 439, decision by Judge Cavanah Nov. 22, 1950; Seki v. Acheson, D.C.S.D. of Cal., Central Div., 94 F.Supp. 438, decision by Judge Cavanah Nov. 22, 1950; Yada v. Acheson, D.C.S.D. of Cal., 94 F.Supp. 438, decision by Judge Cavanah Nov. 22, 1950.

To same effect, although involving voting in Occupied Germany, see: Brehm v. Acheson, D.C.S.D.Tex.1950, 90 F. Supp. 662; Wohlmuth v. Acheson,* No. 520-50 Civil, D.C. for District of Columbia, summary judgment granted by Judge Holtzoff No. 10, 1950.

* No opinion for publication.

2. Schneiderman v. United States, 1943, 320 U.S. 118, at page 125, 63 S.Ct. 1333, 1336, 87 L.Ed. 1796.

3. Dos Reis ex rel. Camara v. Nicolls, 1 Cir. 1947, 161 F.2d 860; Ouye v. Acheson, D.C.D.Hawaii 1950, 91 F.Supp. 129.

isting domicile of her own in Hawaii, but also because there stands revealed a lack of good faith by reason of claiming something that plaintiff knew did not exist.

While it is a legal truism that no amount of wishful thinking alone will bring about a change of domicile, I can not agree that this Court is lacking in authority to enter a judgment. The point is one of venue rather than jurisdiction.[4] Secondly, the phrase "claims a permanent residence" should be and is given a liberal construction in harmony with the remedial purpose of the statute.

Accordingly, where, as here, such a "claim" is based upon a wholesome wish and desire to re-establish an old domicile, coupled with the intention and ability to carry out that desire as soon as physically and legally possible, the venue requirement of 8 U.S.C.A. § 903 is satisfied. Such a "claim" is of course readily distinguishable from one which is made by a petitioner for no good reason at all and is designed obviously to put the defendant at a disadvantage. Nothing of that sort is in any way here involved.

Finally, for some odd reason, although the State Department's position was solely that the plaintiff lost her United States citizenship by voting in April 1946 in an election in Occupied Japan, the plaintiff, having 8 U.S.C.A. § 801(d) in mind, alleged in her complaint that her teaching in the public schools of Japan did not cause her to lose her United States citizenship because she was unaware of the fact that during the war the now extinct Imperial Japanese Government passed a law providing that only nationals of Japan could be public school teachers. At the outset of the hearing plaintiff's attorney stated that he had discovered since suit was filed that no such Japanese law was passed during the war. He stated that if the defendant desired he would let the complaint stand as filed. It so stood. But as the submitted evidence does not show that prior to the Occupation of Japan by the Allied Powers only a subject of Japan was eligible to be a public school teacher, it would seem that plaintiff did not lose her United States citizenship by teaching in the Japanese public schools 1940–1948. However, as the denial of United States citizenship by the State Department was solely on the basis of plaintiff's voting in April 1946, there is nothing now before the Court on this subject.

The plaintiff having overcome the presumption of expatriation arising from the facts stated in Exhibit K—Certificate of Loss of Nationality—a judgment for the plaintiff will be entered for the reasons stated.

Findings of Fact and Conclusions of Law and a decree, all in accordance with this opinion, will be signed upon presentation.

4. Acheson v. Yee King Gee, 9 Cir. 1950, 184 F.2d 382.