Paul SERIZAWA, Plaintiff,

v.

John Foster DULLES, as Secretary of
State, Defendant.

No. 32026.

United States District Court
N. D. California, S. D.

July 11, 1955.

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

Plaintiff prays for a decree adjudging that he is a citizen and/or national of the United States, and as such is entitled to the rights and privileges of a national of the United States. This court has jurisdiction by virtue of Section 503, United States Nationality Act, 8 U.S. C.A. § 903.*

The facts disclosed by the pleadings and evidence are briefly stated hereafter:

Plaintiff, Paul Serizawa, was born in the United States at Pescadero, California, May 14, 1924. He journeyed to Japan with his parents in November of 1935. The balance of his education was completed in Japan. In April, 1945, plaintiff was inducted into the Japanese Army, and he was demobilized in September, 1945, with the rank of private first class. On April 5, 20 and 30th of 1947, plaintiff voted in the Japanese political elections.

The plaintiff had dual citizenship. He was a national of this country by reason

* Now Immigration and Nationality Act, 1952, 8 U.S.C.A. § 1503.

of his birth here, and acquired Japanese nationality under Japanese law.

The defendant contends that plaintiff expatriated himself by voting in the Japanese elections and/or by serving in the Japanese Army. 8 U.S.C.A. § 801 (now covered by 8 U.S.C.A. § 1481(a) ) provided that a citizen could expatriate himself by:

"* * * (c) Entering, or serving in, the armed forces of a foreign state unless expressly authorized by the laws of the United States, if he has or acquires the nationality of such foreign state; or

* * * * * *

"(e) Voting in a political election in a foreign state or participating in an election or plebiscite to determine the sovereignty over foreign territory; or * * *."

It is undisputed that the plaintiff was drafted, and served in the Japanese Army. This action on the part of plaintiff fulfills the objective requirements of the statute in order for a national to expatriate himself.

■ However, expatriation is a voluntary renunciation or abandonment of nationality and allegiance, Perkins v. Elg, 1939, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, and Sec. 801(c) of Title 8 U.S.C.A., has been construed as effecting expatriation only if the national entering or serving in the armed forces of a foreign state acted voluntarily and without legal or factual compulsion. Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 1947, 161 F.2d 860; In re Gogal, D.C. 1947, 75 F.Supp. 268.

Plaintiff testified that when he was drafted he was afraid of the military police and feared imprisonment or death for a failure to comply with the draft order. His case comes well within the cases which have passed upon similar instances of service in the Japanese Army during World War II. Ishikawa v. Acheson, D.C.1949, 85 F.Supp. 1; Shibata v. Acheson, D.C.1949, 86 F.Supp. 1; Morizumi v. Acheson, D.C.1951, 101 F.Supp. 976. See to the contrary Hamamoto v. Acheson, D.C.1951, 98 F.Supp. 904; Kondo v. Acheson, 1951, 98 F.Supp. 884.

■■ It is the court's view that the government has not overcome plaintiff's showing of involuntariness of service. The court fully realizes the difficulty that the government experiences in producing witnesses to refute plaintiff's statements with respect to the involuntary character of his acts, however, without any evidence in the record establishing the voluntariness of plaintiff's service he cannot be denied his American citizenship. The Government is required to prove its case by clear, unequivocal and convincing evidence, not by a bare preponderance which leaves the issue in doubt. Knauer v. United States, 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; Schneiderman v. United States, 1943, 320 U.S. 118, 125, 63 S.Ct. 1333, 87 L.Ed. 1796.

■ On the voting issue, the crucial factual issue is whether plaintiff's act of voting, under all the circumstances can be said to be voluntary. Congress, recognizing the involuntary nature of the Japanese elections following the war, and the fact that persons such as plaintiff helped carry out United States policy in Japan by voting in these elections, has enacted legislation, popularly known as the "Watkins Act," for the restoration of citizenship to American born Nisei who voted in occupied Japan. Act of July 20, 1954, 68 Stat. 495, note to 8 U.S.C.A. § 1438.[1]

■ The plaintiff in the instant case testified that he voted in the elections because he feared that he might lose his rations if he did not. In addition, plaintiff testified that the whole populace of Japan was excited about voting, since General MacArthur had indicated that everyone should vote and obey all orders. Factually, plaintiff comes within the

1. (1) In cases where there is only a voting issue, the various courts, including the Court of Appeals of this circuit, are holding the cases in abeyance pending the processing of such cases under the Watkins Act.

large number of cases which have held that voting by others in the Japanese occupation elections was involuntary and not expatriating. Yamamoto v. Acheson, D.C.1950, 93 F.Supp. 346; Furusho v. Acheson, D.C.1951, 94 F.Supp. 1021; Kuwahara v. Acheson, D.C.1951, 96 F. Supp. 38; Hichino Uyeno v. Acheson, D. C.1951, 96 F.Supp. 510; Kasumi Nakashima v. Acheson, D.C.1951, 98 F.Supp. 11; Takano v. Dulles, D.C.1953, 116 F. Supp. 307; Takehara v. Dulles, 9 Cir., 1953, 205 F.2d 560.

It is the court's view, based on all of the evidence in this case, that plaintiff is a national of the United States, and judgment to that effect will be entered. Plaintiff is requested to prepare findings of fact and conclusions of law in conformity with this opinion.