**Kenji NAMBA, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

Civ. No. 32270.

United States District Court
N. D. California, S. D.

Aug. 4, 1955.

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiff.

Lloyd Burke, U. S. Atty., and Asst. U. S. Atty., C. Elmer Collett, San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

This is a suit under Section 503 of the United States Nationality Act, 8 U.S.C. § 903.[1] Plaintiff prays for a decree adjudging that he is a citizen of the United States and entitled to the rights and privileges accompanying that status. The facts are undisputed and appear in the record as follows:

Plaintiff was born in the United States of Japanese citizen parents, thus acquiring a dual citizenship and nationality under then existing laws of Japan and the United States. In 1935, plaintiff went to Japan for purposes of study. In 1936, he registered with the American Consulate as an American citizen living abroad, advising that he would return to the United States after six years, at the completion of his training. In 1938 he

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

registered again, advising that he would return after four years more. In 1940 he again registered with the Consulate, advising that he would return in two years. In 1943, plaintiff was conscripted into the Japanese Army. He was discharged in April of 1946. The record shows that he made no protest to the Japanese authorities at the time of his conscription. This case arose when plaintiff was refused a passport to enter the United States on the ground that he had expatriated himself under 8 U.S.C. § 801(c) [2] through serving in a foreign army in a manner not authorized by Congress.

■■ The law of this case is by now familiar and a large number of cases passing upon the effect of service in the Japanese Army are recorded. See Ishikawa v. Acheson, D.C.1949, 85 F.Supp. 1; Yoshiro Shibata v. Acheson, D.C. 1949, 86 F.Supp. 1; Shigenori Morizumi v. Acheson, D.C.1951, 101 F.Supp. 976. (See also the list of 44 cases in plaintiff's Trial Memorandum in this case.) 8 U.S.C. § 801(c) has been construed to be inapplicable in the case of a person conscripted into the foreign armed forces. Dos Reis ex rel. Camara v. Nicholls, 1 Cir., 1947, 161 F.2d 860. This must be so, for expatriation is a voluntary renunciation or abandonment of nationality and allegiance. Perkins v. Elg, 1939, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320. In order to deprive an American citizen of his citizenship, the government must make its case by clear, convincing and unequivocal evidence. Knauer v. United States, 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796.

■ The government in its brief relies on two items of evidence to fulfill that exacting requirement. The first is that plaintiff actually served in the Japanese Army. This fact, says the government, shifts the burden of proof that such service was not voluntary to the plaintiff, and the plaintiff has not made out his case. This argument is palpably false. The burden of proof remains at all times with the government—that burden is to produce clear, unequivocal and convincing evidence that the renunciation of American allegiance was voluntary. True, if the government should prove that an American citizen served in a foreign army, without more, a rebuttable presumption that such service constituted voluntary expatriation would be raised. But where the government's own files indicate that such service was not voluntary but conscripted, as amply appears from this record, then the presumption is rebutted, and drops away without further effect in the case. The government then must produce other evidence that expatriation was voluntary. There is no such other evidence whatsoever in the record, except as noted immediately following.

■ The second item is that plaintiff did not, at the time of his conscription into the Japanese Imperial Army at the height of the war, in 1943, protest that conscription. It is sufficient to answer this contention to reflect on the consequences of such a protest made to the Japanese Imperial authorities. Citizenship, if made conditional upon the standard of behavior suggested by the government, would belong only to martyrs.

The government has not proved by clear, unequivocal and convincing evidence that plaintiff expatriated himself under the laws of the United States. Based on the evidence in this record, it is the finding of this court that plaintiff is a national of the United States with all the rights appurtenant to that status. Judgment to that effect will be entered. Plaintiff is requested to prepare findings of fact and conclusions of law in conformity with this opinion.

2. Now Immigration and Nationality Act, § 349, 8 U.S.C.A. § 1481(a).