**HIROSHI OKADA, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**No. 32198.**

United States District Court
N. D. California, S. D.

Sept. 16, 1955.

# 184

Wirin, Rissman & Okrand, Los Angeles, Cal., by Fred Okrand, Los Angeles, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, born of Japanese parents in California in 1915, seeks a declaration of his status as a national of the United States. 8 U.S.C.A. § 903.[1] The United States opposes plaintiff on the ground that he has expatriated himself within the meaning of 8 U.S.C.A. § 801(c).[2]

The relevant facts are as follows:

Plaintiff, after living in California during his childhood, went to Japan for his education. He remained there until 1939 in which year he returned to the United States. He registered for the Draft in California in 1940. In 1941, after obtaining a 1–B classification, plaintiff received a communication from Japan requesting that he return to that country because of the illness of his father. With the consent of his Draft Board he went back to Japan. While there he requested and obtained extensions from his Draft Board. During his last extension, war commenced between Japan and the United States.

Toward the end of July 1945 the Japanese army conscripted plaintiff for duty. He served for a period of approximately five weeks, obtaining his release August 29, 1945. He did not protest his conscription.

At the conclusion of the war plaintiff took steps to return to this country. He was frustrated in his efforts by the American Consul. After the lapse of several years he began legal proceedings which have culminated in the instant action.

Before an American citizen may be deprived of his citizenship status, the government must make out a case which is clear, unequivocal and convincing. Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796. See also recent decisions in this District by Judges Roche and Murphy, Serizawa v. Dulles, D.C., 134 F.Supp. 713; Namba v. Dulles, D.C., 134 F.Supp. 633.

The record before the Court establishes the fact that plaintiff, during his brief tenure with the Japanese Army, served in an unimportant capacity as a conscript. His conduct both before, during and after the war demonstrates that he desired to retain his American citizenship status at all times.

Plaintiff's failure to protest when called to duty in the Japanese Army is no basis *per se* for a finding of expatriation. When the Court measures the conduct of plaintiff, in view of his testimony and the surrounding circumstances, it does not assume to impose standards of the spartan, nor require plaintiff to place himself in the role of a martyr.

The compulsive background of events are comparable to those delineated in the Morizumi case, infra. The plaintiff herein did not have control over the factors which forced him to remain in Japan after the outbreak of the war, nor was he able to exercise a free and reasonable choice with respect to his conscription.

The facts of this case make applicable the law enunciated in Ishikawa v. Acheson, D.C., 85 F.Supp. 1; Morizumi v. Acheson, D.C., 101 F.Supp. 976.

During the course of his trial, plaintiff offered for identification numerous exhibits in support of his position. It becomes unnecessary for the Court to rule on or consider the evidentiary effect or force of the same for the evidence is otherwise convincing.

---

1. Now Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503.

2. Now Immigration and Nationality Act. 1952, 8 U.S.C.A. § 1481(a).

The Court finds that plaintiff is a national of the United States. Judgment will be entered on preparation of findings of fact and conclusions of law, in accordance with the Rule.